994 A.2d 523

IN THE MATTER OF DAVID R. GROSS, AN ATTORNEY AT LAW.

May 6, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–186 recommending that **DAVID R. GROSS,** of **NEWARK,** who was admitted to the Bar of this State in 1960, should be disbarred for violating *RPC* 1.15(a) and (b) (failure to safeguard funds), *RPC* 1.15(a) and (b) (knowing misappropriation of law firm funds and client funds), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having considered the additional submissions and representations of respondent and the Office of Attorney Ethics;

And the Court having determined that the allegations that respondent violated *RPC* 1.15(a) and (b) (failure to safeguard funds, and knowing misappropriation of law firm funds and client funds) have not been proven by clear and convincing evidence and, therefore, the determination of the Disciplinary Review Board in respect thereof should be vacated;

And the Court having determined further that, in all other respects, the determinations of the Disciplinary Review Board in respect of the acts of misconduct alleged against respondent concerning violations of *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) are supported by clear and convincing evidence;

And the Court having determined further that respondent's misconduct warrants the imposition of a suspension from the practice of law;

And good cause appearing;

It is ORDERED that **DAVID R. GROSS,** of **NEWARK,** is hereby suspended from the practice of law for a period of three months, effective June 2, 2010, and until the further Order of this Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 (limiting activities of attorney under suspension from practice of law); and it is further

ORDERED that, pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and expenses actually incurred in the investigation and prosecution of this matter, as provided in *Rule* 1:20–17.

Chief Justice RABNER and Justices WALLACE, RIVERA-SOTO and HOENS join in the Court's Order. Justices LONG and LaVECCHIA join in the Court's Order, but would impose a censure as the appropriate and warranted discipline. Justice ALBIN did not participate.